William F. Maderer (wmaderer@saiber.com)
Ryan E. San George (rsangeorge@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
(973) 622-3333
*Attorneys for Defendant*
*Rutgers, The State University of New Jersey*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| K.L.,<br><br>               Plaintiff,<br><br>        v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, MARQUES FORD, JOHN BOWERS, ABC, INC. 1-10 (Fictitious Entities), and JOHN DOES 1-20 (Fictitious Entities and/or Persons)<br><br>               Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>***Document Electronically Filed***<br><br>[On Removal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-6600-16] |

**TO:   THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant Rutgers, The State University of New Jersey New Jersey ("Rutgers"), by and through its attorneys, Saiber LLC, files this Notice of Removal of the above-titled action from the Superior Court of New Jersey, Law Division, Middlesex County, and respectfully states the following as the basis for removal to this Court:

**I.    INTRODUCTION**

1.    On or about November 14, 2016, Plaintiff K.L. (a pseudonym) ("Plaintiff"), an adult citizen whose identity and address are not disclosed, by and through her counsel Jeffrey P. Fritz, Esq., of the law firm Saloff & Zervanos, commenced this action by filing a Complaint in the

Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-6600-16 (the "Complaint").

2.      It appears that Rutgers first received the Summons dated November 29, 2016 and stamped-filed Complaint simultaneously on November 30, 2016.   A copy of the Summons and Complaint that Rutgers received on November 30, 2016 is attached hereto as Exhibit A.

3.      Rutgers has not filed any responsive pleading to the Summons and Complaint, nor has it received any other pleadings or court orders from Plaintiff or defendants Marques Ford ("Ford") and John Bowers ("Bowers") in connection with this case.

4.      Thus, the Summons and Complaint constitute, pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders served upon" Rutgers in this action.

5.      Upon information and belief, neither defendant Ford nor Bowers has been served with a Summons and Complaint.

## II.    BASIS FOR FEDERAL COURT JURISDICTION: FEDERAL QUESTION AND SUPPLEMENTAL

6.      Plaintiff's lawsuit arises out of an alleged sexual assault committed by Ford and Bowers on or about the morning of November 15, 2015 in an on-campus apartment unit. (Complaint, Ex. A ¶ 14 *et seq*.).   Plaintiff alleges that she, Ford, and Bowers were all Rutgers students at the time of the alleged sexual assault.   (Complaint, Ex. A ¶¶ 1, 4-5, 13).

7.      The Complaint alleges several civil causes of action arising under the United States Constitution and laws of the United States, including that Rutgers purportedly violated 20 U.S.C.A. § 1681(c), Title IX, Education Amendments of 1972 by acting with reckless and deliberate indifference to the risk of harm posed to Plaintiff (Complaint, Ex. A ¶¶ 56-59); that Rutgers is liable under 42 U.S.C.A. § 1983 for violating Plaintiff's substantive due process right to bodily integrity without state interference (Complaint, Ex. A ¶¶ 60-69); and that Rutgers is liable

under 42 U.S.C.A. § 1983 for failing to properly train and supervise its staff members to prevent the sexual assault (Complaint, Ex. A ¶¶ 70-74). See also Complaint, Ex. A ¶ 16 alleging generally that Rutgers violated Plaintiff's "rights guaranteed to Plaintiff by the United States … Constitution[], Statutes, laws, and regulations". Accordingly, removal of this action is appropriate pursuant to 28 U.S.C. §§ 1331 and 1441(a), on the basis of this Court's original jurisdiction of "all civil actions arising under the Constitution [and] laws…of the United States." 28 U.S.C. § 1331.

8.      Plaintiff also alleges state law claims as follows: that Rutgers violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq* by purportedly failing to protect Plaintiff against the sexual assault and harassing conduct of Ford and Bowers (Complaint, Ex. A ¶¶ 75-84), and that defendants Ford and Bowers are liable for their actions with respect to the sexual assault under theories of assault and battery (Complaint, Ex. A ¶¶ 85-90); intentional infliction of emotional distress (Complaint, Ex. A ¶¶ 91-98); negligence and recklessness (Complaint, Ex. A ¶¶ 99-100); negligent infliction of emotional distress (Complaint, Ex. A ¶¶ 102-106); and civil conspiracy (Complaint, Ex. A ¶¶ 107-111).

9.      As a result of the common set of operative facts upon which all of Plaintiff's claims are based, this Court has, and should exercise, supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims.

## III.    RUTGERS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of November 30, 2016, the earliest date that Rutgers received the Summons and Complaint.

11.     Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the District of New Jersey because it is the "district and division embracing the place where such action is pending."

12.     Pursuant to 28 U.S.C. § 1446(d), Rutgers has submitted for filing a Notice of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, and caused to be served a copy of same on Plaintiff, defendant Brown, defendant Bower, and the Honorable Douglas K. Wolfson, J.S.C.  A copy of the Notice of Notice of Removal is attached hereto as Exhibit B.

13.     No previous application has been made for the relief requested herein.

14.     For the foregoing reasons, this action has been properly removed and, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with the Clerk of the Superior Court of New Jersey, Middlesex County, effects the removal of this action, and the Superior Court of New Jersey may proceed no further unless and until the action is remanded.

15.     If any question arises as to the propriety of the removal of this action, Rutgers respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

16.     Neither the filing of, nor the statements contained in, this Notice of Removal shall be interpreted as a waiver or relinquishment of Rutgers' rights to assert any procedural or substantive defenses to it at law or equity.

**WHEREFORE**, Rutgers hereby removes the state court action, Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-6600-16, to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

Respectfully Submitted,

**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
Tel.:   (973) 622-3333
Fax:    (973) 622-3349

By:       /s/ William F. Maderer
          WILLIAM F. MADERER

Dated: December 15, 2016

## LOCAL CIVIL RULE 11.2 CERTIFICATION

On behalf of defendant Rutgers, The State University of New Jersey, I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, other than the matter in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-6600-16 from which Rutgers seeks removal, or of any pending arbitration or administrative proceeding.

**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
Tel.:   (973) 622-3333
Fax:    (973) 622-3349
*Attorneys for Defendant*
*Rutgers, The State University of New Jersey*

By:        */s/ William F. Maderer*
                WILLIAM F. MADERER

Dated:  December 15, 2016

# EXHIBIT A

*Served on BOG*
*Wednesday, 11·30·2016*

**Soloff & Zervanos**
457 Haddonfield Rd., Suite 540
Cherry Hill, NJ  08002
BY:    Jeffrey P. Fritz, Esquire
(856) 354-1175
Counsel for Plaintiff, K.L.

| | |
|---|---|
| K.L.<br><br>                          Plaintiff,<br><br>          v.<br><br>RUTGERS, THE STATE UNIVERSITY OF<br>NEW JERSEY,<br>MARQUES FORD, &<br>JOHN BOWERS<br>ABC, INC. 1-10 (Fictitious Entities), and<br>JOHN DOES 1-20 (Fictitious Entities<br>     and/or Persons)<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:  MID-L-6600-16<br><br><br><br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:
The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New
Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute
this complaint, you or your attorney must file a written answer or motion and proof of service
with the deputy clerk of the Superior Court in the county listed above within 35 days from the
date you received this summons, not counting the date you received it with the deputy clerk of
the Superior Court of Middlesex County, Middlesex County Courthouse, 56 Paterson Street,
New Brunswick, NJ 08903-0964, (732) 519-3200.  A filing fee payable to the Clerk of the
Middlesex County Superior Court and a completed Case Information Statement (available from
the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.
You must also send a copy of your answer or motion to plaintiff's attorney whose name and
address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not
protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and
completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may
enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If
judgment is entered against you, the Sheriff may seize your money, wages or property to pay all
or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county
where you live.  A list of these offices is provided. If you do not have an attorney and are not

eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

/s/ Michelle M. Smith

MICHELLE M. SMITH
Clerk of the Superior Court

Dated: November 29, 2016

Name of defendant to be served:
**RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY**

Address for service:
**57 U.S. Highway 1**
**New Brunswick, NJ 08901-8554**

**Soloff & Zervanos**
457 Haddonfield Rd., Suite 540
Cherry Hill, NJ 08002
BY:    Jeffrey P. Fritz, Esquire
Attorney ID Number: No. 03261-1996
(856) 354-1175
Counsel for Plaintiff, K.L.

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED

NOV 1 4 2016

DEPUTY CLERK
OF SUPERIOR COURT

| | |
|---|---|
| K.L. | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | MIDDLESEX COUNTY |
| | LAW DIVISION |
| v. | |
| | DOCKET NO.: |
| RUTGERS, THE STATE UNIVERSITY OF | **MID-L- 6 6 0 0  16** |
| NEW JERSEY, | |
| MARQUES FORD, | |
| JOHN BOWERS, | |
| ABC, INC. 1-10 (Fictitious Entities), and | |
| JOHN & JANE DOES 1-20 (Fictitious Entities | **CIVIL ACTION COMPLAINT** |
| and/or Persons) | |
| | |
| Defendants. | |

## INTRODUCTION

Plaintiff, K.L., a both citizen and resident of Passaic County, New Jersey, file this Complaint against all defendants, alleging as follows:

1.    Plaintiff, K.L. (a pseudonym) is an adult citizen whose identity and address are not disclosed herein because of her desire to keep confidential her identity and address because she was a victim of nonconsensual sexual contact as outlined herein.  Plaintiff may be contacted by and through her counsel, identified herein.

2.    Defendant Rutgers, The State University of New Jersey ("Rutgers" or "Rutgers University") is a public university authorized under the laws of the State of New Jersey which operates under the supervision of the State Board and/or the Commissioner of

Education of the State of New Jersey and which is a place of public accommodation, as defined by N.J.S.A. 10:5-5(l).

3.    Defendant Rutgers University maintains its offices and principal place of business at 57 US Highway 1, New Brunswick, NJ 08901-8554.

4.    Defendant, Marques Ford (hereinafter sometimes referred to as "Ford"), is an adult individual who resides at 11588 Weston Course Loop, Riverview, Florida, 33569 and who, at all relevant times, was a student at Rutgers University.

5.    Defendant, John Bowers (hereinafter sometimes referred to as "Bowers"), is an adult individual who resides at 3 Floral Lane, Midland Park, New Jersey, and who, at all relevant times, was a student at Rutgers University.

6.    Defendants, ABC, Inc. 1-10, are fictitious entities which recruited, supervised, screened and/or oversaw Defendants Bowers and Ford as students at Rutgers University. Such defendant or defendants are fictitious entities whose names are not presently known to, or identifiable by, plaintiff.

7.    Defendants, John and Jane Does 1-20, are fictitious entities or persons which/who recruited, supervised, screened and/or oversaw Defendants Bowers and Ford as students at Rutgers University and fictitious entities or persons which/who sold, supplied, gave, or otherwise furnished alcoholic beverages to Defendants Ford and/or Defendant Bowers and/or given to plaintiff.  Such defendant or defendants are fictitious persons or entities whose names are not presently known to, or identifiable by, plaintiff.

8.    In the Fall of 2015, and both before and since then, defendant, Rutgers University, owned, operated, maintained, managed, supervised, and controlled, by and through its

2

agents, servants, and employees, the premises known as Rutgers University, a public university located in New Brunswick, Middlesex County, NJ and elsewhere throughout New Jersey.

9.     Defendant Rutgers University, though its employees, agents and servants, had the authority and responsibility to address discrimination and harassment (sexual or otherwise) and to institute corrective measures, and who had actual or constructive knowledge of harassment and discrimination in the school's programs, and who, despite such knowledge, failed to adequately respond to stop the harassment and discrimination against the plaintiff and took affirmative steps which resulted directly in severe sexual harassment and assaults of the plaintiff.

10.     Defendant, Rutgers University was responsible for promulgation and enforcement of all policies, customs and practices within the university.

11.     Defendant, Rutgers University, is an educational institution as defined by 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") which receives federal financial assistance.

12.     As recognized by the United States Department of Education in a July 1, 1998 press release, "Schools owe students a safe environment that is conducive to learning and that affords children equal educational opportunity regardless of sex."

13.     K.L. attended Rutgers University as a freshman during the 2015-2016 school year.

14.     During the 2015-2016 school year, Plaintiff K.L. suffered extraordinary and severe harm due to the sexual assaults committed on or about the morning of November

3

15, 2015 by defendants Ford and Bowers and the sexually hostile environment at Rutgers University that was created by defendant Rutgers University, which the defendants failed to correct and to properly address despite their actual knowledge thereof.

15.     During the Summer and Fall of 2015, and before the events described below, Defendant Rutgers University actually knew and/or had reason to know that Defendant Ford had engaged in underage drinking of alcoholic beverages and engaged in a sexual offense of flagrantly lewd and inappropriate conduct which would violate the laws of New Jersey, specifically N.J.S.A. § 2C:33-15A & N.J.S.A. § 2C:14-4A.

16.     Defendant Rutgers University failed to take appropriate actions to protect plaintiff against sexual harassment at Rutgers, despite having actual notice of the past lewd and/or inappropriate conduct, all in violation of Title IX, and in violation of the rights guaranteed to plaintiff by the United States and New Jersey Constitutions, Statutes, laws, and regulations.

17.     Defendant, Rutgers University, acted individually and through its employees and agents, whose names and identities are not currently known, all of whom acted with actual or apparent authority and all of whom aided in carrying out and/or permitting the sexual harassment and assaults of the plaintiff by the actions and inactions of defendants.

18.     Rutgers University, acting through its administrators, and other employees and agents, knew about the specific misconduct and sexual harassing conduct and underage drinking committed by Defendant Ford and was deliberately indifferent to this conduct, as demonstrated by the specific failures described below, thereby exposing and continuing to expose students in general, and plaintiff in particular, to a sexually hostile educational environment.

4

19.     Alternatively, defendant Rutgers University should have been aware of the misconduct and sexual harassment committed by Defendant Ford, for which plaintiff asserts claims pursuant to the Law Against Discrimination ("LAD") and civil rights violations, pursuant to 42 U.S.C.A. § 1983 and Title IX violations.

20.     Defendants, through their actions and inactions described herein, and through a pattern of deliberate indifference, created and permitted a severe, pervasive, and persistent sexually hostile educational environment, in violation of Title IX of the Education Amendments of 1972 and New Jersey's Law Against Discrimination.

21.     In addition, defendant Rutgers University recruited Defendant Marques Ford to play football for its football team.

22.     Sometime during the Summer of 2015 football training camp, Defendant Ford left the training camp to travel home to respond to juvenile criminal charges.  Defendant Rutgers University was aware of this.

23.     In the Fall of 2015, Plaintiff K.L. was an incoming freshman at Rutgers University, accepted into the Honors Program and residing in a residence hall at Rutgers.

24.     At approximately 11:00 p.m. on November 14, 2015, K.L. visited her then boyfriend, Defendant Bowers, who was at an on-campus apartment unit in the Silvers Building, where defendant Ford and other football players resided.

25.     Plaintiff observed Defendants Ford and Bowers, both of whom were under the legal drinking age of 21, drinking alcohol in the apartment and both Ford and Bowers appeared to be intoxicated, although Bowers appeared more intoxicated than Ford.

26.   Defendant Ford encouraged Plaintiff, then a minor, to drink alcohol and held a shot glass to her lips but she said "no".

27.   Plaintiff later learned that she was given multiple shots in an attempt to get her intoxicated and inebriated.

28.   Plaintiff then blacked out the morning of November 15, 2015 and does not recall the events after blacking out.

29.   Plaintiff awoke in the morning, November 15, 2015, with the smell of vomit in her hair, swollen lips and nose, and abrasions on her knees and elbows and a bump to her head.  Plaintiff felt sick to her stomach as well.

30.   Plaintiff text messaged defendant Bowers to find out what occurred earlier that morning and he told her that she had drank 8 shots of Patron tequila, had engaged in sex with Defendants Ford and Bowers and vomited.

31.   During the morning of November 15, 2016, due to intoxication or having been drugged unknowingly, Plaintiff blacked out, was incapacitated and incapable of consenting to sexual activity.

32.   Plaintiff subsequently learned that Defendant Bowers and Ford engaged in sexual acts upon her while she was incapacitated and was incapable of consenting to sex.

33.   Plaintiff was examined at Valley Hospital Emergency Room which revealed cuts on her knees and arms, as well as vaginal tearing and a substance, believed to be semen, on her breast and other parts of her body.

34.   Defendant Bowers admitted to plaintiff in writing, *inter alia,* that:

6

a.    Defendant Ford "took advantage of both me and you and raped you while you weren't even coherent" and that he told that to Rutgers University's Director of Player Relations;

b.    he felt "horrible that I let that happen. I'm so so sorry";

c.    "I'm so so sorry sorry this happened. I never will put you in a situation like that again and right now I do hate myself for it I don't even know what to do with myself. I'm so angry and upset at myself I don't know what to do.";

d.    "I feel horrible that I let this happen to you like sick to my stomach";

e.    plaintiff, he and Ford were "screwed up" and "too fucked up";

f.    "I need to be able to take care of you and make the right decisions at all times and I wasn't able to do that last night. I'm never drinking again . . .";

g.    " . . . I know that I should've made different choices . . .";

h.    "I'm so disgusted with myself. . .";

i.    "I can't Fucking believe I let this happen to you"; and

j.    while plaintiff was in this condition, he and Defendant Ford engaged in sexual activity upon her, she became sick, vomited, they then showered her and dressed her;

k.    "he [Defendant Ford] got both of us drunk that we were helpless";

35.    In a subsequent investigation conducted by Defendant Rutgers University, Defendant Bowers also admitted that:

a.    he consumed more than 5 shots of alcohol, had never drank alcohol before and became intoxicated, could hardly stand up and eventually vomited;

b.    the plaintiff [K.L.] never drinks alcohol and that she consumed alcohol and became intoxicated;

c.    despite admitting to plaintiff to the sexual activity, Bowers denied having engaged in any sexual activity during the Rutgers investigation; and

d.    he agreed with Defendant Ford not to talk about the events of the morning of November 15, 2016.

36.     Subsequent to the events described above, plaintiff learned from witnesses that Defendant Ford pressured plaintiff and Defendant Bowers into drinking multiple shots of alcohol and poured the shots they consumed.

37.     On the night of November 14, 2015 or morning of November 15, 2015, Defendant Ford admitted to one of his roommates that they [Defendants Bowers and Ford] were planning "have a threesome with her [plaintiff K.L.]".

38.     At the same time, Defendant Bowers admitted to the same roommate that they "can have sex with her [K.L.] while pulling her pants down."

39.     Defendant Bowers admitted to another roommate of Defendant Ford that he and Ford engaged in sexual activity with the plaintiff at the same time.

40.     Defendant Ford admitted to investigators at Rutgers University on December 14, 2015, that he had consumed between 4-5 shots of Bacardi Gold Rum that night and that left him "more than buzzed."

41.     Defendant Ford also admitted to investigators at Rutgers University that Defendant Bowers consumed shots of Bacardi rum and Patron tequila, was intoxicated and that plaintiff was trying to leave the apartment.

42.     Defendant Ford also admitted that he served multiple shots of alcohol to the plaintiff and he, along with Defendant Bowers, encouraged plaintiff to drink and continue drinking.

43.    On May 26, 2016, Rutgers University's investigation concluded that K.L. was incapacitated due to alcohol and that Defendant Bowers and Defendant Ford exploited her state of incapacitation to engage in sexual activity with her.

44.    Rutgers University's investigation also concluded that plaintiff was incapacitated to the point of being unable "to make a rational decision due to her severe intoxication."

45.    Rutgers University concluded there was sufficient information to charge Defendant Ford with sexual exploitation and with sexual assault or non-consensual sexual contact in violation of Section II.E of the Student Policy on Sexual Harassment, Sexual Violence, Related Misconduct, as defined by Section XI of the Code of Student Conduct.

46.    Rutgers University concluded there was sufficient information to charge Defendant Bowers with sexual exploitation and with sexual assault or non-consensual sexual contact in violation of Section II.E of the Student Policy on Sexual Harassment, Sexual Violence, Related Misconduct, as defined by Section XI of the Code of Student Conduct.

47.    Several days after the incidents, on or about November 18, 2015 Defendant Bowers reported the incidents to Athletic Relations Director Gene Bataille and Director of Football Operations, Will Gilkison, that he was told by a witness to some of the events that when he was passed out on a bed, Defendant Ford engaged in sexual activity with plaintiff, K.L..

48.    According to Defendant Bowers, upon making this report, stating he was passed out on a bed and telling them "everything [he] know [knew], they [Gilkison and Bataille]

9

[made] it sound like were were coherent when this happen[ed] and we wanted Marcus [Ford] to do this."

49.    Bataille told Defendant Bowers not to speak with K.L. although Bowers was trying to provide information to her regarding the investigation of a potential crime.

50.    Defendant Rutgers University, through its Athletic Relations Director, Gene Bataille then met with the same witness who told this to Bowers, and the witness then changed his story from stating that he observed Defendant Bowers passed out on a bed to now state that he overheard Defendant Bowers say to Defendant Ford that plaintiff "said we can have sex with her."

51.    On or about November 19, 2015, Defendant Bowers met with Football Coach Flood who "unofficially" suspended both players, Defendant Bowers and Defendant Ford.

52.    Then, on or about November 23, 2015, Defendant Rutgers University, through its Director of Football Operations, Will Gilkison, "flipped out" on Defendant Bowers, told him he was a "liar" and how he got football into "this predicament."   Gilkison told Bowers that he had two strikes against him, one for reporting the incident and another for using the workout facilities while on suspension and if there was a third incident he would be taken off the football team.

53.    Defendant Rutgers University, through its administrators, including Gilkison and/or Bataille, discouraged the reporting of potential sexual assault by its athletes and encouraged witnesses and Defendant Bowers to change their stories to make it appear as if plaintiff consented to sexual activity with Ford and Bowers.

10

54.    During the 2015 school year and before these events, Defendant Rutgers University knew and/or had reason to know that Defendant Ford posed a risk to female Rutgers students and other females, yet recruited him to the football team, awarded him a scholarship and affirmatively continued to permit him to play football, attend school, and live in the on-campus Silvers apartment, including all the privileges associated with being a recruited football player.

55.    The indifference of Defendant Rutgers University to the risks posed by Defendant Ford and its affirmative acts described herein created and/or permitted the opportunity for Ford and Bower's sexual assault of plaintiff on November 15, 2015 which resulted in a state created danger and sexually hostile educational environment.

## COUNT I
### Violations Pursuant to 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972
### Plaintiff v. Defendant Rutgers, The State University of New Jersey

56.    Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

57.    Plaintiff asserts that the defendant Rutgers University violated the requirements of Title IX by the following acts and omissions, all of which were conducted and/or failed to be conducted in reckless and deliberate indifference to the rights of plaintiff guaranteed by Title IX and in reckless and deliberate indifference to the risk of harm posed to plaintiff:

a.    affirmatively recruiting, accepting and/or permitting the continued enrollment and involvement in athletic activities by Defendant Marques Ford at a time when this defendant knew that he was responding to juvenile charges, including charges of lewdness and underage drinking;

b.    discouraging students, and specifically football players, from reporting sexual assaults committed by other football players at Rutgers University;

c.   actively disregarding known sexual harassment committed in the past by Defendant Ford of which defendant was aware;

d.   failing to take immediate and appropriate corrective actions to remedy the known harassment by Defendant Ford in the past at Rutgers;

e.   taking steps that were known or which should have been known to be ineffectual in eliminating Defendant Ford's inappropriate conduct and underage drinking;

f.   failing to adopt and publish appropriate grievance procedures for the prompt and equitable resolution of sexual harassment and sex discrimination complaints in violation of Title IX;

g.   failing to disseminate an appropriate policy against sexual harassment;

h.   failing to conduct a reasonably diligent inquiry regarding Defendant Ford's past sexually harassing conduct;

i.   completely failing to supervise Defendant Marques Ford when defendant knew of his past inappropriate and lewd behavior;

j.   ratifying and accepting the past inappropriate actions of Defendant Ford;

k.   failing to have in place a "zero tolerance" policy for sexual harassment at Rutgers University;

l.   failing to give adequate training to staff members in Title IX requirements to protect against sexual harassment of students;

m.   encouraging witnesses to "change their stories" about what they observed and heard relating to the events described above;

n.   improperly investigating allegations of sexual violation(s) alleged to have been committed in the past by Defendant Ford;

o.   creating, through inaction and through affirmative acts described herein, a sexually hostile educational environment in which allegations of sexual harassment and misconduct is not handled appropriately, thus exposing female students to the risks of assault and sexually harassing conduct; and

p.   permitting the consumption of alcohol upon its property by minors under its supervision and control and by Defendants Ford and Bowers.

58.   Defendant's actions altered the conditions of plaintiff's educational environment, denying her accommodations, advantages, facilities, and/or privileges associated with her attendance at Rutgers University and resulted in her performing poorly in school, despite

having been an Honors student, and her total withdraw from classes at Rutgers University to attend school elsewhere.

59.     As a direct and proximate result of defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, plaintiff K.L. demands judgment against all defendant Rutgers University, jointly and severally with other defendants, together with interest, punitive damages, attorneys' fees, and costs of suit. Plaintiff further seeks appropriate injunctive relief to enjoin defendants from creating and/or permitting a sexually hostile educational environment in the future at Rutgers University.

## COUNT II
### Civil Rights Violations Pursuant to 42 U.S.C.A. § 1983
### Substantive Due Process, State Created Danger Claims
### Plaintiff v. Defendants Rutgers, The State University of New Jersey,
### ABC, Inc. 1-10 and John & Jane Does 1-20

60.     Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

61.     Defendants Rutgers University, ABC, Inc., 1-10 and/or John & Jane Does, 1-20 acted under color of state law when they engaged in the conduct described in this Complaint. Alternatively, defendants John & Jane Does, 1-20, acted in their individual capacities.

13

62.     Plaintiff's harm was foreseeable and a direct result of these defendants' actions, as described in detail above, because defendants had actual knowledge and/or awareness of the risk of inappropriate sexual conduct committed in the past by Defendant Ford, such that these Defendants were on notice that acting affirmatively, in the ways described above, would place plaintiff in direct harm due to sexual harassing conduct by Ford.

63.     Plaintiff, a female student at Rutgers University, was a foreseeable victim of the danger created by these defendants and these defendants' actions and conduct were not directed to the public at large.

64.     These Defendants used their authority in a way that created danger to plaintiff and/or rendered her more vulnerable to danger and harm by affirmatively returning Defendant Ford to classes, residing in the on-campus apartment and playing football without any oversight, supervision or restrictions despite these defendants' knowledge of the risk of harm to female students and plaintiff and for all other reasons outlined herein. The defendants affirmatively created the opportunity for sexual assaults to occur through their affirmative actions.

65.     For the reasons outlined herein, these Defendants acted with deliberate indifference and conscious disregard to a known risk of sexual harassment and/or sexual misconduct by Defendant Ford such that the actions and failures of these defendants are conscience shocking.  Defendants acted with a willingness to ignore the known danger presented by Defendant Ford.

66.     These Defendants' actions created the danger of ongoing sexual harassment and assaults of females; rendered plaintiff substantially more vulnerable than had Defendants not acted at all; and/or increased the risk of harm to Plaintiff.

14

67.   These Defendants' actions described herein affirmatively exposed plaintiff to the harm and danger presented by Defendant Ford.

68.   Plaintiff states a claim against defendants for violation of her civil rights pursuant to 42 U.S.C.A. § 1983, specifically for the substantive due process violation of plaintiff's right to bodily integrity without state interference based upon the state's actions and for creating a danger.

69.   As a direct and proximate result of defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, plaintiff K.L. demands judgment against defendants Defendants Rutgers University, ABC, Inc. 1-10 and John & Jane Does 1-20, jointly and severally, together with interest, punitive damages (in this Count against defendants John & Jane Does 1-20 only), attorneys' fees, and costs of suit.

## COUNT III
### Civil Rights Violations Pursuant to 42 U.S.C.A. § 1983
#### *Monell* Failure to Train & Supervise Claims
### Plaintiff v. Defendants Rutgers, The State University of New Jersey, <u>ABC, Inc. 1-10 and John & Jane Does 1-20</u>

70.   ·  Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

71.    Defendants  Rutgers University, ABC, Inc. 1-10 and John & Jane Does 1-20 failed to train and supervise its staff members in appropriate reporting and handling of sexual misconduct allegations.

72.    These defendants also failed to properly supervise Defendant Ford.

73.    As such, these defendants were deliberately indifferent and reckless with respect to the violation of plaintiff's constitutional rights.

74.    These defendants' failures were the moving force behind the actions of Defendant Ford resulting in plaintiff's injuries and damages, described above.

WHEREFORE, plaintiff K.L. demands judgment against defendants Defendants Rutgers University, ABC, Inc. 1-10 and John & Jane Does 1-20, jointly and severally, together with interest, punitive damages (in this Count against defendants John & Jane Does 1-20 only), attorneys' fees, and costs of suit.

## COUNT III
### LAW AGAINST DISCRIMINATION, VIOLATION OF N.J.S.A. 10:5-1 *et SEQ.*
### SEXUALLY HOSTILE EDUCATIONAL ENVIRONMENT AND DISCRIMINATION
Plaintiff v. Defendants Rutgers, The State University of New Jersey,
ABC, Inc. 1-10 and John & Jane Does 1-20

75.    Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

76.    Despite Defendants', Rutgers University, ABC, Inc. 1-10 and John & Jane Does 1-20 actual and/or constructive knowledge of Defendant Ford's sexually inappropriate and harassing conduct, Defendant Rutgers University failed to reasonably protect Plaintiff against harassing conduct on the basis of her sex, female, and permitted a hostile educational environment.

16

77.     These Defendants violated New Jersey's Law Against Discrimination, contained within N.J.S.A. 10:5-1 *et seq.*, and such failures created an intimidating, offensive or hostile educational environment for Plaintiff and discriminated against Plaintiff based upon her sex, female.

78.     Defendant Rutgers University and these defendants are vicariously liable for the actions of its supervisory employees, including but not limited to Defendants, Gene Bataille, Will Gilkison and John & Jane Does 1-20.

79.     Defendant Rutgers University knew, or should have known, of the past lewd conduct and underage drinking committed by Defendant Ford and failed to take effective remedial measures to end his offensive conduct.

80.     The harassing conduct would not have occurred but for the plaintiff's gender, female, a protected category under New Jersey's Law Against Discrimination.

81.     The sexual harassment created or permitted by these defendants of Plaintiff was severe such that any reasonable female would believe that the conditions of education were altered and that the educational environment is intimidating, hostile, offensive or abusive.

82.     As a direct and proximate result of the breaches and failures by these Defendants, Plaintiff was caused to suffer bodily injury, emotional distress/injury, injuries which are likely to be permanent in nature and the denial of the full education she was entitled to receive.

83.     In the alternative, Defendants ABC, Inc. 1-10 (fictitious entities), and/or Defendants John & Jane Does 1-20 (fictitious names and/or fictitious entities) are liable

for damages caused to Plaintiff for the reasons outlined throughout this Complaint and within this Count and such violations caused Plaintiff's injuries and damages.

84.    As a direct and proximate result of defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, plaintiff K.L. demands judgment against defendants Defendants Rutgers University, ABC, Inc. 1-10 and John & Jane Does 1-20, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

## COUNT IV
## Assault & Battery
## Plaintiff K.L. v. Defendants, Marques Ford and John Bowers

85.    Plaintiff K.L. incorporates by reference the averments contained both above and below, as though fully set forth herein.

86.    Defendants Marques Ford and John Bowers sexually assaulted Plaintiff K.L., for which claims of assault are brought.

87.    Defendants Ford and Bowers performed sexual acts and sexual harassment acts upon Plaintiff without her consent and at a time when she was incapacitated and incapable of consenting.

88.     Defendants Ford and Bowers unlawfully touched Plaintiff without her consent for which claims for battery are brought.

89.     As a direct and proximate result of these defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

90.     For these actions, plaintiff seeks damages, including punitive damages, from these defendants to the extent allowed by New Jersey law.

WHEREFORE, Plaintiff K.L. demands judgment against Defendants Marques Ford and John Bowers, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

## COUNT V
### Intentional Infliction of Emotional Distress
### Plaintiff K.L. v. Defendants, Marques Ford & John Bowers

91.     Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

92.     The plaintiff also brings an action for intentional infliction of emotional distress caused by defendants Marques Ford and John Bowers.

93.     Defendants, Marques Ford and John Bowers, acted intentionally or recklessly in performing non-consensual sexual acts and acts of sexual harassment upon Plaintiff and

confining her, intending to produce emotional distress or, alternatively, acting in deliberate disregard of a high degree of probability that emotional distress would follow.

94.     Defendants, Marques Ford and John Bowers, acted intentionally or recklessly by failing to take appropriate and necessary acts to prevent each other from performing non-consensual sexual acts and acts of sexual harassment upon Plaintiff, and acting in deliberate disregard of a high degree of probability that emotional distress would follow.

95.     These defendants' actions were extreme and outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, despicable, and utterly intolerable in a civilized community.

96.     As a direct and proximate result of the breaches and failures by these defendants as outlined herein, Plaintiff was caused to suffer bodily injury, emotional distress/injury, and damages which are likely to be permanent in nature and which are described more specifically herein.

97.     Plaintiff K.L.'s emotional distress was and is so severe that no reasonable person could be expected to endure such distress.

98.     For these actions, plaintiff seeks damages, including punitive damages, from these defendants to the extent allowed by New Jersey law.

WHEREFORE, Plaintiff demands judgment against Defendants Marques Ford and John Bowers, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

**COUNT VI**
**Negligence & Recklessness**
**Plaintiff v. Defendants, Marques Ford & John Bowers**
**and Defendants John & Janes Does, 1-20**

99.     Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

100.    Defendants, Marques Ford & John Bowers and John and Jane Does, 1-20, acted negligently and/or recklessly, resulting in the injuries to plaintiff, for which damages are sought, based upon the following:

      a.      failing to protect plaintiff against sexual assault and harassment by each other;

      b.      serving, obtaining, supplying or otherwise furnishing alcohol to minors in violation of New Jersey law;

      c.      consuming alcohol as a minor;

      d.      Defendant Marques Ford's actions in negligently supervising the on-campus apartment property possessed by him;

      e.      failing to exercise due care under all circumstances;

      f.      alternatively, negligence in concluding that plaintiff consented to sexual activity under circumstances in which it was unreasonable of these defendants to have reached that conclusion because of plaintiff's incapacitation and resultant inability to provide consent;

      g.      failing to come to the aid or rescue of plaintiff, after placing her in a perilous situation, when they knew, or should have known, that plaintiff was being exposed to sexual assault and sexually harassing conduct;

101.    As a direct and proximate result of these defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart,

embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, Plaintiff demands judgment against Defendants Marques Ford and John Bowers, and John and Jane Does, 1-20, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

## COUNT VII
### Negligent Infliction of Emotional Distress
### Plaintiff v. Defendants, Marques Ford & John Bowers

102.   Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

103.   Plaintiff also brings an action for negligent infliction of emotional distress caused by Defendants, Marques Ford & John Bowers.

104.   As a result of these defendants' negligence and/or recklessness, plaintiff was caused to sustain severe emotional distress and suffering.

105.   As a direct and proximate result of these defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

106.   Plaintiff's emotional distress was and is so severe that no reasonable person could be expected to endure such distress.

WHEREFORE, Plaintiff demands judgment against Defendants Marques Ford and John Bowers, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

### COUNT VIII
### Civil Conspiracy
### Plaintiff v. Defendants, Marques Ford & John Bowers

107.     Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

108.     Plaintiff also brings an action for civil conspiracy committed by Defendants, Marques Ford & John Bowers.

109.     Defendants Marques Ford and John Bowers acted in concert to commit unlawful acts of sexual assault and/or battery through an agreement between the these defendants to perform these acts which resulted in harms and damage to the plaintiff.

110.     These defendants understand the general scheme to engage in sexual activity with plaintiff while intoxicated and incapacitated, accepted the terms of it, explicitly or implicitly, and each did their part to further it.

111.     As a direct and proximate result of these defendants' conduct described herein, Plaintiff K.L. was caused to suffer emotional and physical injuries and symptoms, including, but not limited to, Post Traumatic Stress Disorder, abdominal pain, vaginal tearing, swollen lips and nose, lacerations to the knees and arms, sleep disturbance, fatigue, depression, anxiety, poor concentration, dizziness, sweating, racing heart, embarrassment and humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, Plaintiff demands judgment against Defendants Marques Ford and John Bowers, jointly and severally, together with interest, punitive damages, attorneys' fees, and costs of suit.

SOLOFF & ZERVANOS

BY: _____

JEFFREY P. FRITZ

Counsel for Plaintiff, K.L.

Dated: 11·14·16

## JURY DEMAND

TAKE NOTICE, Plaintiff K.L. demands a trial by jury as to all issues in this matter.

## TRIAL DESIGNATION

PLEASE TAKE NOTICE that, pursuant to Rule 4:25-1, JEFFREY P. FRITZ, ESQUIRE are hereby designated as trial counsel in the above matter.

## DEMAND FOR COMPLIANCE WITH NEW JERSEY COURT RULES

## 1:5-1(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney, counsel for plaintiff herein, hereby demands, pursuant to the provisions of R. 1:5-1 (a) and R. 4:17-4 ( c), that each party serving pleadings or Interrogatories, and receiving responses thereto, shall serve copies of all such pleadings, Interrogatories, and responses thereto, on the undersigned.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1 and R. 4:10-2, plaintiff hereby demands of defendants Answers to Interrogatories prescribed by Form C, Form C2, and all other relevant forms in the Appendix to the New Jersey Court Rules.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other known pending action in any Court or of a known pending Arbitration proceeding. There are no other parties presently known who should be joined to this action. I certify the foregoing to be true. I am aware that, if the above is willfully false, we are subject to punishment.

SOLOFF & ZERVANOS

BY: _____

JEFFREY P. FRITZ
Counsel for Plaintiff, K.L.

Dated: 11.14.16

**Appendix XII-B1**

| | |
|---|---|
|  **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Jeffrey P. Fritz, Esquire | TELEPHONE NUMBER<br>(856) 354-1175 | COUNTY OF VENUE<br>Middlesex |
|---|---|---|
| FIRM NAME (if applicable)<br>Soloff & Zervanos | | DOCKET NUMBER (when available)<br>**MID-L- 6600 16** |
| OFFICE ADDRESS<br>457 Haddonfield Road, Suite 540<br>Cherry Hill, NJ 08054 | | DOCUMENT TYPE<br><br>JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>K.L., Plaintiff | CAPTION<br>K.L. v. Rutgers, The State University of New Jersey, Marques Ford,<br>John Bowers, ABC, Inc. 1-10 (Fictitious entities) and John Does 1-20<br>(Fictitious entities and/or persons) |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>005 & 618 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ☒ No | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ YES  ☐ No | IF YES, IS THAT RELATIONSHIP?<br>☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain)<br>☐ FAMILIAL    ■ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

> SUPERIOR COURT
> MIDDLESEX COUNTY
> RECEIVED & FILED
> **NOV 14 2016**
> DEPUTY CLERK
> OF SUPERIOR COURT

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 10/01/2016, CN 10517

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   NOVEMBER 16, 2016
                    RE:     KL VS RUTGERS THE STATE UNIVERSITY OF NEW JERSEY
                    DOCKET: MID L -006600 16

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS K. WOLFSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        003
AT:  (732) 519-3745 EXT 3745.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: JEFFREY P. FRITZ
                         SOLOFF & ZERVANOS PC
                         457 HADDONFIELD RD  STE 540
                         CHERRY HILL      NJ 08002-2220

JUMPIN1
```

# EXHIBIT B

William F. Maderer (016511976)
Ryan E. San George (016852011)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
(973) 622-3333
*Attorneys for Defendant*
*Rutgers, The State University of New Jersey*

|  |  |
|---|---|
| K.L..<br><br>Plaintiff,<br><br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, MARQUES FORD, JOHN BOWERS, ABC INC. 1-10 (Fictitious Entities), and JOHN DOES 1-20 (Fictitious Entities and/or Persons)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-6600-16<br><br>Civil Action<br><br>**NOTICE OF NOTICE OF REMOVAL** |

To:     Clerk, Superior Court of New Jersey
        Middlesex County Courthouse
        56 Paterson Street
        New Brunswick, New Jersey 08903

Cc:     The Honorable Douglas K. Wolfson, J.S.C.          Jeffrey P. Fritz, Esq.
        Middlesex County Superior Court                  Soloff & Zervanos
        Middlesex County Courthouse                      457 Haddonfield Rd., Suite 540
        56 Paterson Street, 4th Floor                    Cherry Hill, New Jersey 08002
        New Brunswick, New Jersey 08903                  *Attorneys for Plaintiff*

        Marques Ford                                     John Bowers
        11588 Weston Course Loop                         3 Floral Lane
        Riverview, FL 33569                              Midland Park, New Jersey 07432
        *Defendant (pro se)*                             *Defendant (pro se)*

     **PLEASE TAKE NOTICE** that Defendant Rutgers, The State University of New Jersey

("Rutgers") has on this day filed a Notice of Removal with the Clerk and the Honorable Judges

of the United States District Court for the District of New Jersey.  Pursuant to

28 U.S.C. § 1446(d), a copy of the Notice of Removal is attached hereto as Exhibit 1 and made a

part hereof, which effectuates the removal of this case, and this Court may proceed no further

unless and until the action is remanded.

**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
Tel.:    (973) 622-3333
Fax:    (973) 622-3349
*Attorneys for Defendant*
*Rutgers, The State University of New Jersey*

By:  _____
                WILLIAM F. MADERER

Dated:  December 15, 2016

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this date, I caused to be served by Federal Express the original

and two (2) copies of this Notice of Notice of Removal with Exhibit 1 attached hereto, for filing

with the Clerk of the Superior Court of Middlesex County at the following address:

> Clerk, Superior Court of New Jersey
> Middlesex County Courthouse
> 56 Paterson Street
> New Brunswick, New Jersey 08903

I further certify that on this date, I caused to be served by Federal Express a courtesy

copy of this Notice of Notice of Removal with Exhibit 1 attached hereto, with the

Honorable Douglas K. Wolfson, J.S.C, at the following address:

> The Honorable Douglas K. Wolfson, J.S.C.
> Middlesex County Superior Court
> Middlesex County Courthouse
> 56 Paterson Street, 4th Floor
> New Brunswick, New Jersey 08903

I further certify that on this date, I caused to be served by Federal Express a copy of this

Notice of Notice of Removal with Exhibit 1 attached hereto, by Federal Express upon the

following at the following addresses:

> Jeffrey P. Fritz, Esq.
> Soloff & Zervanos
> 457 Haddonfield Rd., Suite 540
> Cherry Hill, New Jersey 08002
> *Attorneys for Plaintiff*

> Marques Ford
> 11588 Weston Course Loop
> Riverview, FL 33569
> *Defendant (pro se)*

> John Bowers
> 3 Floral Lane
> Midland Park, New Jersey 07432
> *Defendant (pro se)*

01178764.DOCX                                     3

I certify that the foregoing statements made by me are true.  I am aware that if any of these statements are willfully false, I am subject to punishment.

_____

WILLIAM F. MADERER

Dated:  December 15, 2016